OPINION
{¶ 1} Defendant-appellant William Bibbs, acting pro se, appeals from an order denying a motion that he styled as a "Motion to Withdraw Guilty Plea/Motion to Correct sentence Per Ohio Criminal Rule 32.1." Bibbs contends that the trial court erred by *Page 2 
finding that the sentence could not be reviewed and by converting the motion to a petition for post-conviction relief. Bibbs contends that his sentence must be reduced pursuant to State v. Foster, 109 Ohio St. 3d 1,2006-Ohio-856. He claims that, because the State failed to prove any factors that would enhance his sentence, the trial court erred by sentencing him to greater than the minimum possible sentence.
 {¶ 2} We conclude that Bibbs is not entitled to relief pursuant toFoster, because his case was not on direct appeal or pending in the trial court at the time of that decision. Furthermore, Bibbs agreed to the sixteen-year sentence and stipulated to factors "justifying said sentence." Therefore, regardless of whether the trial court acted improperly by converting the motion into a petition for post-conviction relief, we find no error in the trial court's decision denying the requested relief. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} Bibbs was indicted in 2002 on two counts of Murder, one count of Aggravated Robbery, one count of Robbery and one count of Tampering with Evidence. Following negotiations with the State, Bibbs pled guilty to one count of Involuntary Manslaughter, in violation of R.C. 2903.04(A), and one count of Aggravated Robbery, in violation of R.C. 2911.01. The remaining counts of the indictment were dismissed. The documents filed during the sentencing hearing indicate that Bibbs, his attorney and the State agreed to a sixteen-year sentence.
 {¶ 4} The trial court thereafter sentenced Bibbs to a term of sixteen years. The trial court specifically noted that it was adopting the agreed upon term as stipulated by *Page 3 
the parties. The trial court also noted its conclusion that a minimum sentence would demean the seriousness of the crime and would not adequately protect the public from future crime by Bibbs. The trial court further noted that the harm caused by Bibbs was "so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct."
 {¶ 5} An appeal of the conviction and sentence was filed, but was later voluntarily dismissed.
 {¶ 6} In September, 2006, Bibbs, acting pro se, filed a document styled as a "Motion to Withdraw Guilty Plea/ Motion to Correct Sentence per Ohio Crim. Rule 32.1." In the motion, Bibbs claimed that he was entitled to utilize Crim.R. 32.1 to challenge his sentence. He argued that his sentence is unconstitutional because it is predicated upon judicial findings of fact in contravention of State v. Foster (2006), supra. The trial court summarily overruled the motion noting that the sixteen-year sentence had been agreed upon by the parties.
 {¶ 7} From the denial of his motion, Bibbs appeals.
 II {¶ 8} Bibbs's third and fourth assignments of error are as follows:
 {¶ 9} "DEFENDANT-APPELLANT'S THIRTEEN YEAR SENTENCE MUST BE REDUCED TO THE SHORTEST PRISON TERM OF SIX (6) YEARS WHERE THE STATE OF OHIO FAILED TO PROVE ANY ENHANCERS BEYOND A REASONABLE DOUBT THEREBY IMPLICITLY ACQUITTING APPELLANT OF ANY ENHANCED *Page 4 
SENTENCE.
 {¶ 10} "DEFENDANT-APPELLANT'S SENTENCE MUST BE REDUCED TO THE MAXIMUM/MINIMUM SENTENCE OF SIX YEARS NOTWITHSTANDING THE DICTA OPINION OF THE OHIO SUPREME COURT OF STATE V. FOSTER, (2006), 109 OHIO ST. 3D 1, 845 NE.2D 740, IN ORDER TO AVOID VIOLATION OF THE EX POST FACTO AND DOUBLE JEOPARDY CLAUSE OF THE OHIO AND UNITED STATES CONSTITUTION."
 {¶ 11} In these assignments of error, Bibbs contends that his sentence must be vacated. He argues that the State failed to prove any facts that would justify the imposition of more than the minimum possible sentence. He further argues that the holding in State v. Foster, supra, mandates that when a trial court utilizes judicial fact-finding in order to increase a sentence term, the sentence is unconstitutional.
 {¶ 12} In Blakely v. Washington (2004), 542 U.S. 296, the United States Supreme Court held that "the maximum sentence a judge may impose is one based solely on the facts reflected in a jury verdict or admitted by the defendant." Thereafter, the Ohio Supreme Court followedBlakely, and held that certain portions of the Ohio sentencing statute are unconstitutional because they require judicial fact-finding.Foster, supra. This court has held that Foster does not operate as an ex post facto law. State v. Smith, Montgomery App. No. 21004,2006-Ohio-4405. We have also restricted the Foster remedy to cases on direct appeal. State v. Wilson (Sept. 7, 2007), Montgomery App. No. 21741.
 {¶ 13} Because Bibbs' plea and sentencing hearing was held on March 17, 2003, and the trial court entered a final judgment on March 26 2003, his case was neither on *Page 5 
direct appeal nor pending in the trial court when Blakely andFoster were decided. Consequently, those holdings are inapplicable to this case.
 {¶ 14} With regard to the claim that the State failed to prove any factors that would merit a more-than-minimum sentence, we note that the record indicates that Bibbs, his attorney and the prosecutor all signed a document presented to the court stipulating that there were "factors justifying said sentence." Additionally, Bibbs failed to provide a transcript of the sentencing hearing. Therefore, we are unable to determine the merit of his claim that the State failed to prove any factors for an enhanced sentence. In any event, Bibbs clearly agreed to a sixteen-year sentence in return for the dismissal of the remaining indicted charges. The trial court adopted that agreement. Finally, this issue should have been raised in Bibbs' first direct appeal of his conviction and sentence.
 {¶ 15} The trial court did not err when it denied Bibbs's motion to withdraw his plea or modify his sentence. Accordingly, the third and fourth assignments of error are overruled.
 III {¶ 16} The first and second assignments of error state as follows:
 {¶ 17} "IT WAS NOT ONLY AN ABUSE OF DISCRETION BUT ALSO PREJUDICIAL ERROR IN VIOLATION OF APPELLANT'S RIGHT TO PROCEDURAL DUE PROCESS OF LAW FOR THE TRIAL COURT TO HOLD THAT THE AGREED TO SENTENCE RENDERED APPELLANT'S SENTENCE UNREVIEWABLE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES *Page 6 
CONSTITUTION.
 {¶ 18} "DISMISSING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA/CORRECT SENTENCE BY CONVERTING IT TO A POSTCONVICTION PETITION UNDER O.R.C. §§ 2953.21 2953.23 DEPRIVED THE APPELLANT OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTION."
 {¶ 19} Bibbs contends that the trial court improperly overruled his motion for relief. In support, he claims that the trial court erroneously converted his motion into a petition for post-conviction relief. He also claims that the trial court erred by stating that the plea deal rendered his sentence "unreviewable."
 {¶ 20} We note that our disposition of the third and fourth assignments of error in Part II above renders these assignment of error moot. Accordingly, the first and second assignments of error are overruled.
 VI {¶ 21} All of Bibbs's assignments of error having been overruled, the judgment of the trial court is Affirmed.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
 DONOVAN and WALTERS, JJ., concur. *Page 1